## McClain *versus* Boyer.

1. Where in an award under the Compulsory Arbitration Law, arbitrators insert in the award the words " by consent of the parties," it is not to be implied that the right of appeal is thereby waived.

2. Nothing but an express agreement can waive the right of appeal from such an award.

May 30th 1877. Before AGNEW, C. J., SHARSWOOD, GORDON, PAXSON, WOODWARD and STERRETT, JJ. MERCUR, J., absent.

Error to the Court of Common Pleas of *Blair county:* Of May Term 1877, No. 191.

NORRIS—27

[McClain *v.* Boyer.]

Assumpsit by A. McClain and Charles Andrews, trading as Mc-Clain & Andrews, against Mary A. Weston and J. J. Boyer, trading as J. J. Boyer & Co.

Boyer was the lessee and keeper of a hotel owned by his sister-in-law, Mary Weston. The plaintiffs, who were butchers, supplied the hotel with meat, and when the bills had aggregated about $2000 demanded a settlement, the bills being made out as against J. J. Boyer & Co. Mrs. Weston denied the partnership and refused to pay them. Suit was brought and Mrs. Weston put in a plea to that effect. The case was ruled for reference under the Compulsory Arbitration Law. The rule of reference was returned with the award of arbitrators thereon in these words:—

" And now, 3d September 1874, *by consent of parties*, after having heard their proof and allegations, we the undersigned arbitrators do award no cause of action as against Mary A. Weston, and do award as against J. Jefferson Boyer, the sum of $1797.21 in favor of the plaintiffs."

Plaintiffs appealed and subsequently a rule was taken by defendants upon plaintiffs to show cause why this appeal, in so far as it affected Mary Weston, should not be stricken off. The plaintiffs filed an amended *narr.*, but the case was never set down for trial.

After argument the court said " that it appearing that the award in the case in favor of Mary A. Weston was made *by consent of parties*, plaintiffs and defendants, the rule is absolute."

This action of the court was the error assigned by plaintiffs, who took this writ.

*A. A. Stevens* and *R. M. Speer*, for plaintiffs in error.—Does the insertion in the award of the words " by consent of the parties" amount to a waiver of the right to appeal. These words are not the language of the parties but are given as a reason for the action of the arbitrators. The constitutional right of a suitor to a trial by jury cannot be thus divested: Clark *v.* Wallace, 3 P. & W. 443 ; Noble *v.* Houk, 6 S. & R. 421. Nothing but an express agreement can waive the right of appeal: Dawson *v.* Condy, 7 S. & R. 366 ; Rowen *v.* King *et al.*, 1 Casey 409.

*Benjamin L. Hewit* and *Samuel S. Blair*, for defendant in error.—An award like this is conclusive of the fact of consent.

Mr. Justice SHARSWOOD delivered the opinion of the court, June 25th 1877.

This was an award under the Compulsory Arbitration Law, and was necessarily subject to an appeal unless it appeared that by agreement of the parties it was to be final and conclusive. What evidence does this record present that there was any such agreement ? The arbitrators have inserted in their award the words

[McClain v. Boyer.]

"by consent of parties." To what did the parties consent? Surely to nothing more than that the arbitrators should then make an award, and even if the construction should be that it meant that they should make just the award which they did, which would be to push the construction to its extreme limit, that would not authorize the conclusion that it was intended to change the whole character of the arbitration from one of the compulsory kind to an agreement of final reference. The right of trial by jury is a constitutional one, and nothing but a clear agreement can waive the right of appeal. The rule which has been established as to appeals from justices of the peace, is equally applicable to the class of awards of this kind: Dawson v. Condy, 7 S. & R. 366; Rowen v. King, 1 Casey 409. In this last cited case the right of the defendant to appeal even from a judgment by confession was sustained. The reason given in the opinion of the court applies with equal force to an award. It may be a mistake, or the attorney may have acted contrary to the instructions of his client. One party to a suit will sometimes enter a rule to arbitrate for the mere purpose of discovering what his opponent's evidence is. The other party may properly disappoint such a design by consenting that the arbitrators shall make an award on the evidence before them or find no cause of action without going into his case. He may run some risk as to his evidence by such a course, but surely there is no implication that the right of appeal is intended to be waived. It is not necessary to consider the effect of the delay and the taking the costs out of court.

Order of the court striking off the appeal reversed and *procedendo* awarded.